FILED

08 JAN 30 PM 3:34

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| In re | CASE NO: 07-CV-1074 W |
|---|---|
| JAMES W. KEENAN and JUDY M. KEENAN<br><br>Debtors. | ORDER AFFIRMING BANKRUPTCY COURT'S AWARD OF SANCTIONS AGAINST SAMY HENEIN AND SUPPA, TRUCCHI & HENEIN, LLP<br><br>Bank. No. SD 96-00871-B11 |

| | |
|---|---|
| 1 | |
| 2 | JAMES W. KEENAN and JUDY M. KEENAN |
| 3 | |
| 4 | and SUPPA, TRUCCHI & HENEIN and SAMMY S. HENEIN, |
| 5 | |
| 6 | |
| 7 | Appellants |
|   | v. |
| 8 | |
| 9 | PYLE, et. al., |
| 10 | |
| 11 | Appellees, |
| 12 | |

On May 14, 2007 Appellants Samy Henein and Suppa, Trucchi, & Henein, LLP (collectively, "Appellants") properly appealed the Bankruptcy Court's award of sanctions against them. On June 15, 2007 Appellees Pyle, et. al. chose to have the appeal heard by this District Court pursuant to 28 U.S.C. § 158. The Court decides the matter on the papers submitted and without oral argument pursuant to S.D. Cal. Civ. R. 7.1(d.1). For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's decision.

I. BACKGROUND

In January 1996, James W. Keenan and Judy M. Keenan, husband and wife, commenced a Chapter 11 bankruptcy action in the United States Bankruptcy Court for the Southern District of California. In August 1996, Appellees Ross M. Pyle and Procopio, Cory, Hargreaves & Savich LLP and Jeffrey Issaacs (collectively, "Appellees") were appointed Trustee and Trustee's counsel, respectively, of the Keenans' bankruptcy estate ("estate"). Over the next ten years, the Keenans filed more than sixty separate

appellate proceedings against Appellees and others arguing misconduct in the handling and distribution of the estate. (*Record On Appeal*, 79–81 [hereinafter "ROA"].) None of the actions have, so far, resulted in judgment against Appellees. (*Id.*) A full recitation of the Keenans' truly astonishing number of filings and defeats is not relevant for the purposes of this motion, and the Court will simply relate the facts necessary to render review in this particular appeal.

On June 30, 2006 the Keenans filed a complaint against Appellees in bankruptcy court over the handling of their estate alleging RICO violations, breach of fiduciary duty, violation of civil rights, breach of contract, negligence and seeking injunctive and declaratory relief. (ROA 2–16.) The case was assigned to Judge Peter Bowie, who was also presiding over the underlying Chapter 11 estate. (*Id.*) In this action, the Keenans were represented by Appellant Samy S. Henein ("Henein") of the law firm Suppa, Trucchi & Henein, LLP (the "ST&H firm"). (ROA 2.) The ST&H firm is also an Appellant in this action.

On September 11, 2006 Appellees moved to dismiss the claims, and in the alternative sought summary judgment. (ROA 177:18–21.) The motion was initially set for hearing on October 10, 2006, but was rescheduled to October 23, 2006 on the Court's own motion. (ROA 94:10–12.)

On September 25, 2006, the date the Keenans' opposition was due, the Keenans filed a separate action in district court against Judge Bowie alleging RICO and civil rights violations and seeking declaratory and injunctive relief. (Compl., <u>Keenan v. Bowie</u>, No. 06-CV-2086 (S.D. Cal. Sep. 25, 2006).) The Keenans generally alleged that a "criminal conspiracy" existed between Judge Bowie and others, which was designed to enrich the Trustee at the expense of the bankruptcy estate. (*Id.*) In this action, the Keenans represent themselves.

On September 28, 2006, three days after the Keenans' bankruptcy opposition was due, the Keenans filed an *ex parte* application in bankruptcy court to continue the

motion to dismiss hearing date. (ROA 94:12–19.) The motion was signed on behalf of the Keenans by Appellant Samy S. Henein of the ST&H firm. The bankruptcy court denied Appellants' motion. Keenan v. Pyle (In re Keenan), 372 B.R. 496, 500 (Bankr. S.D. Cal. 2006).

On October 13, 2006 the Keenans filed a motion for reconsideration of the denial of the *ex parte* motion to continue and also moved, for the first time, to disqualify Judge Bowie from the bankruptcy court action. (ROA 29–54.) Appellant Henein, the Keenans' attorney, signed and submitted the disqualification motion on their behalf. (ROA 38.) Judge Bowie, aware of the Keenans' suit against him in district court, heard the motion and directed out of "an abundance of caution" that the bankruptcy clerk reassign the disqualification motion to a different judge. (ROA 93–97.) The bankruptcy clerk reassigned the disqualification motion to Judge Meyers.

On December 21, 2006 Judge Meyers denied the disqualification motion in a published opinion. See In re Keenan, 372 B.R. at 496. In particular, the court found that the timing of the dismissal motion and the district court action against Judge Bowie supported an inference that the Keenans were engaging in forum shopping and trying to circumvent doctrines of res judicata and collateral estoppel. (Id. at 501.) The court also noted that while the Keenans had for several years alleged an improper relationship between Judge Bowie and the trustee, they had yet to provide any factual basis for disqualification. (Id.)

On January 8, 2007 Appellees filed a Bankruptcy Rule 9011 motion for sanctions against the Keenans, Appellant Henein, and Appellant ST&H based on their prosecution of the disqualification motion. (ROA 102–120.) Appellees argued that the Keenans and their counsel had violated each and every manner of conduct proscribed by Rule 9011(b). (*Id.*) On January 22, 2007 Appellant Henein submitted an opposition to Appellees' motion on behalf of the Keenans, the ST&H firm, and Henein personally.

(ROA 121–131.)[1]

On April 12, 2007 Judge Meyers heard oral argument on Appellees' sanctions motion. On May 4, 2007 Judge Meyers granted the motion and awarded sanctions against the Keenans, the ST&H firm, and Henein in the amount of $10,000.00. (ROA 141–143.) Specifically, the court found that the disqualification motion "was filed in bad faith and for an improper purpose in violation of Rule 9011." (ROA 142.) On May 14, 2007 the Keenans, appearing *pro se*, appealed the sanctions award individually. (ROA 216–222.) On January 9, 2008 this Court affirmed the award of sanction as to the Keenans. Order Aff. Bankr. Sanctions, <u>Keenan et. al. v. Pyle et. al.</u>, 07-CV-1090 W (S.D. Cal. Jan. 9, 2008).

The present action involves Appellant Henein's and Appellant ST&H's appeal of the award of sanctions against them. On December 7, 2007, after some confusion regarding the docketing of the record, Appellants filed their opening brief. (Doc. No. 7.) On January 11, 2008 Appellees filed their brief and appendix. (Doc. Nos. 11, 12.) On January 24, 2008 Appellants moved for additional time to file their reply brief, a request the Court denied on January 25, 2008. (Doc. Nos. 14, 16.)

## II. STANDARD OF REVIEW

Appellate review of sanctions orders entered by a bankruptcy court pursuant to Bankruptcy Rule 9011 are conducted under the same standards applicable to sanctions orders under Federal Rule of Civil Procedure 11. <u>Tsafaroff v. Taylor (In re Taylor)</u>, 884 F.2d 478, 480 (9th Cir. 1989). All aspects of the review of an award of sanctions is conducted under an abuse of discretion standard. <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990); <u>Caldwell v. Unified Capifal Corp. (In re Rainbow Magazine, Inc.)</u>, 77 F.3d 278, 283 (9th Cir. 1996).

---

[1] On February 9, 2007 a notice of entry of judgment against the Keenans was docketed in the underlying bankruptcy court adversary proceeding, a final judgment for purposes of appeal.

An abuse of discretion occurs only when "no reasonable person could take the view adopted by the trial court. If reasonable persons could differ, no abuse of discretion can be found." <u>Stone v. City & Couty of San Francisco</u>, 968 F.2d 850, 861 n.19 (9th Cir. 1992) (internal quotations and citations omitted). An appellate court may reverse the trial court for an abuse of discretion only if firmly convinced that the reviewed decision lies beyond the pale of reasonable justification under the circumstances. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175 (9th Cir. 2000).

### III. DISCUSSION

Appellants raise a single issue on appeal: whether the sanctions order should be reversed because the disqualification motion was not frivolous.[2] (*Appellants' Br.* 3.) Because Bankruptcy Rule 9011 is central to the disposition of this appeal, the Court reprints the Rule in relevant part below.

#### A. Rule 9011. Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers

**(a) Signature.** Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. ...

**(b) Representations to the court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

---

[2] It should be noted that Appellant Henein's and Appellant ST&H's argument is, in all material respects, identical to the Keenans' third question presented in <u>Keenan et. al. v. Pyle et. al.</u>, 07-CV-1090 W (S.D. Cal. June 13, 2007). As such, the Court finds its prior Order helpful in resolving Appellants' arguments in this case.

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) **How initiated.**

(A) **By motion.** A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). ...

(B) **On court's initiative.** ...

(2) Nature of sanction; limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include... an order to pay a penalty into court, ...

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

  (B) ...

 (3) **Order.** When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

 (d) **Inapplicability to discovery.** ...

 (e) **Verification.** ...

 (f) **Copies of signed or verified papers.** ...

### B. Regardless of Whether the Motion Was Frivolous, The Bankruptcy Court Did Not Abuse Its Discretion By Awarding Sanctions

 Appellants take a very narrow view of the sanctions award, and argue that the bankruptcy court abused their discretion in awarding sanctions because the motion to disqualify was not frivolous.[3] (*Appellants' Br.* 6–11.) Appellees point out that Appellants' entire argument assumes that the bankruptcy court awarded sanctions exclusively on a Rule 9011(b)(2) violation. (*Appellees' Br.* 13.) In any event, Appellees argue, the bankruptcy court properly used its discretion in awarding sanctions under Rule 9011(b)(1) and (b)(3). (*Id.* 13–17.) Finally, Appellees argue, Appellants' disqualification motion was indeed frivolous under Rule 9011(b)(2). (*Id.* 18–19.)

 Bankruptcy Rule 9011(c) allows a court to award sanctions for violations of 9011(b). Bankr. Rule 9011(c). A court may sanction a party, an attorney or a law firm if they file a motion for an improper purpose, such as to harass, delay, or needlessly

---

[3] The arguments in Appellants' brief assume that this Court should make an independent evaluation into whether their motion to disqualify was "frivolous" or not. (*Appellants' Br.* 6–11.) This is improper. Rather, this Court is called upon in a limited role to determine whether Judge Meyer abused his discretion in finding that the motion violated certain Rule 9011(b) mandates. In doing so, we accord Judge Meyer wide latitude on his findings. United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996).

increase the cost of litigation. Bankr. Rule 9011(b)(1). A court may also sanction a party, an attorney or law firm if they file a motion containing allegations and factual contentions that do not have evidentiary support or are unlikely to have factual support after a reasonable opportunity for discovery. Bankr. Rule 9011(b)(3).

Judge Meyer did not abuse his discretion in sanctioning Appellants because it was shown that the Keenans have a long history of harassing their adversaries with unsupported accusations, burdening both the court and their opponents with needless costs. Further, the Keenans clearly had enough time to file their complaint against Judge Bowie, while putting off and trying to extend the time to oppose the bankruptcy action's pending motion to dismiss. Given the similarity between the Keenans' and Appellants' filings in this court, one can only assume that Appellants were aware of the Keenans' actions, and could have counseled them differently.[4] A reasonable person could certainly conclude that the Keenans were, once again, merely seeking to delay the proceedings. Sanctioning the Keenans, their attorney, and the law firm is a reasonable method for protecting the Court and the litigants from future harassment and needless cost.

Appellants themselves also concede that no formal evidence, such as declarations or depositions, was presented in support of their motion to disqualify. (*Appellants' Br.* 9.) Indeed, Judge Meyer concluded that, while the Keenans have trotted out the same accusations of judicial cronyism since 1999, they have supplied no facts in support of their accusations. In re Keenan, 372 B.R. at 501. Nor have any of Judge Bowie's rulings been overturned. Id. In light of the Keenans' litigation history, it was certainly reasonable for Judge Meyer to find that Henein, on behalf of the ST&H law firm, filed the disqualification motion knowing that it had no evidentiary support, and would still

---

[4] Regardless, Appellants do not contend that the Keenans' history and litigation tactics were unknown to them. Rather, the facts and arguments in Appellants' opening brief assume that the Keenans and Appellants were working in concert.

likely be unsupportable even after reasonable investigation.[5]

IV. CONCLUSION

This Court, in reviewing the bankruptcy decision, is not called upon to second-guess Judge Meyer's determination that Appellants violated the specifics of Bankruptcy Rule 9011(b). Rather, we review whether Judge Meyer abused his discretion in sanctioning Appellants. Given the circumstances, Judge Meyer's determination does not lie beyond the pale of reasonable justification. See Harman, 211 F.3d at 1175. Accordingly, the Court **AFFIRMS** the Bankruptcy Court's sanctions award in its entirety against Appellants Samy S. Henein and the Suppa, Trucchi, and Henein law firm.

IT IS SO ORDERED.

Dated: January 29, 2008

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California

---

[5]Because the Court finds that Judge Meyer did not abuse his discretion by awarding sanctions under Rule 9011(b)(1) and (b)(3), the Court need not reach the question of whether the disqualification motion was frivolous. (See *Appellees' Br.* 18–19.)